Matter of Application for a Search Warrant (2026 NY Slip Op 50027(U))

[*1]

Matter of Application for a Search Warrant

2026 NY Slip Op 50027(U)

Decided on January 12, 2026

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2026
Criminal Court of the City of New York, Queens County

In the Matter of an Application for a Search Warrant

No. XXXX-XXXX

Full appearances are withheld.

Wanda L. Licitra, J.

An assistant district attorney from the Queens District Attorney's Office and a detective from the New York Police Department requested that I issue a search warrant for an apartment. Their proposed draft commanded the receiving officers to execute the warrant between the hours of 6:00 a.m. and 9:00 p.m. However, I made clear that I will not issue the warrant unless the hours are restricted to 9:00 a.m. to 2:00 p.m. The execution of a search warrant is not something I take lightly. It is more reasonable for my warrant to be executed at a time when children and other community members are less likely to be around. The detective did not object to this change and was willing to execute the warrant under the more restricted hours. However, the district attorney argued that I do not have the authority to place this restriction on the warrant. I disagreed, and this opinion explains my reasoning.[FN1]
LEGAL ANALYSISCriminal Procedure Law Article 690 confers the authority for a local criminal court to issue a search warrant. It is important to begin with that statutory text. "[T]he clearest indicator of legislative intent is the statutory text, [so] the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof." (E.g., Kuzmich v. 50 Murray St. Acquisition LLC, 34 NY3d 84, 91 [2019]). In doing so, a court should "construe[]" the statute "as a whole" and consider "its various sections . . . together and with reference to each other." (Town of Aurora v. Village of E. Aurora, 32 NY3d 366, 372 [2018]). A court may also inquire into "the statutory context of the provision as well as its legislative history." (Id.).
Article 690 states that a local criminal court "may," upon application of a public servant, "issue a search warrant." (C.P.L. § 690.05[1]). And it defines a "search warrant" as "a court order and process." (C.P.L. § 690.05[2]). Building on top of constitutional requirements, like probable cause and particularity, Article 690 also constrains the breadth and circumstances of a [*2]court's warrant. For instance, a court may only issue a warrant upon application of certain persons, (see C.P.L. § 690.05[1]), and address it to certain persons, (see C.P.L. § 690.25[1]). The Article also sets geographic limits, (see C.P.L. §§ 690.20[1], [2]), and a time limit for execution and return to the court, (see C.P.L. § 690.30).
At issue here are the provisions that:
A search warrant . . . may be executed only between the hours of 6:00 A.M. and 9:00 P.M., unless the warrant expressly authorizes execution therefor at any time of the day or night . . .(C.P.L. § 690.30[2]), and
A search warrant must contain . . . [a] direction that the warrant be executed between the hours of 6:00 A.M. and 9:00 P.M., or where the court has specially so determined, an authorization for execution thereof at any time of the day or night.(C.P.L. § 690.45[6]). The district attorney argues that these provisions mean I am required to issue a warrant that may be executed anywhere between 6:00 a.m. and 9:00 p.m., and that I have no discretion to limit my warrant further within that window. I disagree.
First, a plain-text reading of these statutes establishes outer time limits on when a warrant can be executed. (Set aside the "any time" provisions, which are not at issue here.) The use of "only" in C.P.L. § 690.30[2] creates a necessary condition—a search warrant cannot be executed outside of 6:00 a.m. and 9:00 p.m., it can only be executed between those hours. What the statute does not say is the converse, that a warrant can be always executed any time between 6:00 a.m. and 9:00 p.m. Assuming the converse of a statement, as the district attorney does here, is a classic logical fallacy. Similarly, C.P.L. § 690.45[6] requires that a warrant contain a direction that the warrant be executed "between" the hours of 6:00 a.m. and 9:00 p.m. This again conveys the principle that a court cannot issue a warrant to be executed outside of those hours. Together, the plain text of C.P.L. §§ 690.30[2] and 690.45[6] prohibit courts, in the normal course, from issuing warrants to be executed outside of 6:00 a.m. to 9:00 p.m., i.e., at nighttime.
This plain-text reading accords with the legislative history of Article 690. "The statutory requirement that search warrants may be executed only between the hours of 6:00 a.m. and 9:00 p.m., unless the warrant expressly provides otherwise, was meant to protect individuals from 'the special threat to privacy presented by nighttime police intrusions.'" (People v. Vara, 117 AD2d 1013 [4th Dep't 1986] [quoting 2 Wayne LaFave, Search and Seizure § 4.7, p. 118] [emphasis added]). The historical purpose of the provision was to prohibit searches at night. It was not to confer an inalienable right for police to execute any warrant at any time they choose between 6:00 a.m. and 9:00 p.m.
Second, I read C.P.L. §§ 690.30[2] and 690.45[6] in tandem with the rest of Article 690. Again, this Article confers the authority for criminal courts to issue warrants, but it uses language that makes clear that this authority is discretionary. Section 690.05[1] states that a court "may" issue a warrant—not that a court "must" issue one. And C.P.L. § 690.05[2] describes a search warrant as "a court order and process," something that normally involves a court's discretion. Of course, a court has no discretion to disregard the Article's minimum limits. But a discretionary authority implies the authority to impose additional ones. A court is under no obligation to issue a search warrant. If a court's conditions are not agreeable to the applicant, the [*3]court simply does not issue the warrant.
My desired change to the warrant was well within C.P.L. §§ 690.30[2] and 690.45[6]. As I explained, these statutes generally require that a court set the execution time "between" 6:00 a.m. and 9:00 p.m. "Between" means "in the time, space, or interval that separates." (Between, Merriam-Webster Dictionary [2026]). The time period of 9:00 a.m. to 2:00 p.m. is "between the hours of" 6:00 a.m. and 9:00 p.m.
As such, I appropriately declined to issue the warrant unless the hours were restricted to 9:00 a.m. to 2:00 p.m. In setting conditions for my own search warrant, I am entitled to reasonably balance law enforcement needs with community safety. My change was an appropriate balance. Only the district attorney objected to my change; the police accepted it. As I made clear, the execution of a search warrant on an apartment is not something I take lightly. Search warrant executions in New York City are inherently risky and violent acts. They involve the police forcibly raiding a home or apartment, often located very near other homes or apartments, with seconds' notice, at best. Targets of raids rarely live alone, and there is no conclusive way to know that other people, including children, are not present. In the chaos of these executions, New Yorkers—including people who were a warrant's target and those who were not—have been injured or killed. Even in situations where a person is not physically harmed, warrant executions are very often psychologically damaging. (See, e.g., William D. Lopez et al., The Traumatogenic Potential of Law Enforcement Home Raids: An Exploratory Report, 24 Traumatology 193 [2018] [concluding that "individuals exposed to law enforcement home raids would likely meet diagnostic criteria for PTSD or complex PTSD symptoms"]). While I do not categorically deny all search warrant applications, it was reasonable for me to require that this warrant only be executed at a time when children and other community members were less likely to be around. Because the district attorney refused to incorporate my change, I did not approve the application.
Dated: January 12, 2026
Queens, NY
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1:I omit virtually all factual details of the warrant and investigation here and render this opinion on the legal issue only. Pursuant to my "inherent authority," (In re Search Warrants Directed to Facebook, Inc., 53 Misc 3d 1212[A] [Sup. Ct., NY County 2013]; see also Barry Kamins, New York Search & Seizure § 4.02[7][d] [2021 ed.]), I ordered much of the proceeding sealed, although I did not seal part of the transcript relating to this specific legal issue.